Matt Olavi, Esq. (Bar No. 265945)
   molavi@olavidunne.com
Brian J. Dunne, Esq. (Bar No. 275689)
   bdunne@olavidunne.com
**OLAVI DUNNE LLP**
800 Wilshire Blvd., Suite 320
Los Angeles, California 90017
Telephone: (213) 516-7900
Facsimile: (213) 516-7910

*Attorneys for Plaintiff Eclipse IP LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECLIPSE IP LLC, a Florida Limited Liability Company,<br><br>            Plaintiff,<br><br>    v.<br><br>PAYBYPHONE TECHNOLOGIES, INC., a Canadian Corporation,<br><br>            Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**TRIAL BY JURY DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Eclipse IP LLC ("Eclipse"), by and through counsel, complains against PayByPhone Technologies, Inc. ("PayByPhone") as follows:

## NATURE OF LAWSUIT

1. This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES AND PATENTS

2. Eclipse is a company organized under the laws of Florida and having a principal place of business at 115 NW 17th St, Delray Beach, Florida 33444.

3. Eclipse owns all right, title, and interest in and has standing to sue for infringement of United States Patent No. 8,564,459 ("the '459 patent"), entitled "Systems and methods for a notification system that enable user changes to purchase order information for delivery and/or pickup of goods and/or services" (Exhibit A) ("the Eclipse Patent").

4. On information and belief, PayByPhone is a corporation existing under the laws of Canada.

5. On information and belief, PayByPhone does regular business in this Judicial District and conduct leading to PayByPhone's acts of infringement has occurred in this Judicial District.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over PayByPhone because it has engaged in continuous and systematic business in California; upon information and belief, derives substantial revenues from commercial activities in California; and, upon information and belief, is operating and/or supporting products or services that fall within one or more claims of Eclipse's patents in this District.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) at least because the claim arises in this Judicial District,

PayByPhone may be found and transacts business in this Judicial District, and injuries suffered by Plaintiff took place in this Judicial District. PayByPhone is subject to the general and specific personal jurisdiction of this Court at least because of its contacts with the State of California.

## FACTUAL BACKGROUND

1. Beginning in approximately 2007, with the advent of what is considered the modern smartphone, consumers and businesses have enjoyed unprecedented benefits from these devices and the services that they support.

2. For example, consumers can use their smartphones to search the Internet, video conference with one another, and even purchase goods and services and track their delivery.

3. The growth of the mobile consumer, armed with a smartphone or tablet, has spawned a panoply of new industries. One such industry is the smart parking meter industry.

### Smart Parking Meters

4. Smart parking meters are advanced parking meters that use technology to offer superior functionality over traditional parking meters and improve end-user satisfaction.

5. Traditional meters required users to pay for parking with coins and did not allow the use of credit cards or other forms of more convenient payments.

6. In addition, these early meters did nothing to alert the user of the remaining time on the meter or allow the user to purchase additional time remotely. The user was forced to remember when the meter would expire and physically return to the meter in order to purchase additional parking.

7. The new generation of smart parking meters is a vast improvement over these previous generations.

8. Smart parking meters allow users to pay for their parking using a credit card, they notify the user when his parking time is set to expire, and they allow the

user to remotely purchase additional parking in a number of ways, including but not limited to over the phone, online, or through the use of a smartphone application.

9. Users appreciate these modern conveniences and vastly prefer these new meters over the previous generations.

10. Moreover, parking operators increasingly recognize that mobile payments can both reduce the costs associated with operating expensive pay and display machines as well as increase revenue per parking session.

### PAYBYPHONE'S ACTS OF PATENT INFRINGEMENT

11. Eclipse reiterates and reincorporates the allegations set forth in paragraphs 1 through 10 above as if fully set forth herein.

12. On information and belief, and according to its website, PayByPhone is North America's leading provider of mobile payments in the parking industry, processing more pay by phone payments than any other organization.

13. On information and belief, PayByPhone operates on at least one information technology platform that supports payments via touch-tone/IVR, text, the Internet and mobile web.

14. In addition, on information and belief, PayByPhone offers a mobile application ("the PayByPhone App") for at least Apple Inc.'s iOS and Google, Inc.'s Android platforms and a mobile website that works across all mobile devices.

15. On information and belief, the PayByPhone System allows users to identify parking in a given area, select a particular parking space, select the amount of parking time desired, provide contact information, and purchase parking time online or through the PayByPhone App.

16. Additionally, on information and belief, the PayByPhone System sends the user electronic confirmation of a successful transaction.

17. Additionally, on information and belief, the PayByPhone System tracks the user's parking time and sends the user a reminder before his parking time is set to expire.

3
**COMPLAINT FOR PATENT INFRINGEMENT**

18. Additionally, on information and belief, the PayByPhone System allows the user to increase the amount of parking time remotely through at least the PayByPhone App, without the hassle of returning to the user's vehicle.

## CLAIMS FOR RELIEF

### COUNT 1
(Patent Infringement of U.S. Patent No. 8,564,459 Under 35 U.S.C. § 271 *et seq*.)

19. Eclipse reiterates and reincorporates the allegations set forth in paragraphs 1 through 18 above as if fully set forth herein.

20. On October 22, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,564,459, entitled, "Systems and methods for a notification system that enable user changes to purchase order information for delivery and/or pickup of goods and/or services." Eclipse is the owner of the entire right, title and interest in and to the '459 patent. A true and correct copy of the '459 patent is attached as Exhibit A to this Complaint.

21. The '459 patent is valid and enforceable.

22. Eclipse is informed and believes, and thereupon alleges, that: (1) PayByPhone has infringed and continues to infringe one or more claims of the '459 patent, literally and/or under the doctrine of equivalents and additionally and/or in the alternative, (2) PayByPhone has actively induced and continues to actively induce and/or has contributed to and continues to contribute to the infringement of one or more claims of the '459 patent in this District and elsewhere in the United States.

23. On information and belief, PayByPhone has directly infringed and continues to directly infringe one or more claims of the '459 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering for sale, and/or selling a computer-based notification system to, for example: communicate with the user's device; enable the user to identify the desired parking area, the desired

4
**COMPLAINT FOR PATENT INFRINGEMENT**

parking space, the amount of parking time, and the user's contact information; track the time remaining; notify the user when the parking time is nearly expired; enable the user to increase the amount of parking time through his device; and communicate the modified information to the user.

24. Additionally and/or in the alternative, on information and belief, PayByPhone has actively induced and continues to actively induce and/or has contributed to and continues to contribute to the infringement of one or more claims of the '459 patent, in violation of 35 U.S.C. § 271(b) and/or (c), by, among other things, actively, knowingly, and intentionally encouraging, aiding, and/or abetting others to make, use, offer for sale, and/or sell portions of a computer-based notification system that infringes one or more claims of the '459 patent, with the specific intent to encourage infringement and with the knowledge that the making, using, offering to sell, and/or selling of such a system would constitute infringement.

25. On information and belief, PayByPhone has had knowledge of the '459 patent at least as early as January 7, 2014, the day that it received a courtesy copy of the Complaint, which set forth factual allegations of PayByPhone's infringement. Additionally, at least as early as January 7, 2014, PayByPhone knew or should have known that its continued offering, use, deployment, and/or operation of the at least one parking system and its continued support of others, if those parties perform any limitations of one or more of the claims of the '459 patent, would induce direct infringement of the '459 patent, as it had actual knowledge of the patent and factual allegations of its infringement thereof.

26. On information and belief, PayByPhone has not changed or modified its infringing behavior since January 7, 2014.

27. PayByPhone's aforesaid infringing activity has directly and proximately caused damage to Plaintiff Eclipse, including loss of profits from sales and/or licensing revenues it would have made but for the infringements. Unless

5
**COMPLAINT FOR PATENT INFRINGEMENT**

enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Eclipse for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eclipse asks this Court to enter judgment against PayByPhone and against each of PayByPhone's respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

1. A judgment that PayByPhone has infringed the Eclipse Patent;

2. A permanent injunction against PayByPhone, its respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from direct and indirect infringement of the Eclipse Patent;

3. An award of damages adequate to compensate Eclipse for the infringement that has occurred, together with prejudgment interest from the date infringement of the Eclipse Patents began;

4. A reasonable royalty for PayByPhone's use of Eclipse's patented technology, as alleged herein;

5. An award to Eclipse of all remedies available under 35 U.S.C. §§ 284 and 285; and,

6. Such other and further relief as this Court or a jury may deem proper and just.

DATED: January 8, 2014              OLAVI DUNNE LLP

By: _/s/ Matt Olavi_

Matt Olavi
Brian J. Dunne
*Attorneys for Plaintiff*
*Eclipse IP LLC*

///

## JURY DEMAND

Eclipse demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

DATED: January 8, 2014         OLAVI DUNNE LLP

By: _/s/ Matt Olavi_

Matt Olavi
Brian J. Dunne
*Attorneys for Plaintiff*
*Eclipse IP LLC*