# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 14-154-GW(AJWx) | Date | April 24, 2014 |
| Title | *Eclipse IP, LLC v. PayByPhone Technologies, Inc.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Brian J. Dunne
Matt Olavi

Attorneys Present for Defendants:

Jeffrey Sonnabend - by telephone

**PROCEEDINGS:** DEFENDANT PAYBYPHONE TECHNOLOGIES, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [19]

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Defendant's Motion is DENIED. Defendant will have 21 days from the date of this order to respond to the First Amended Complaint. A Scheduling Conference is set for **May 29, 2014 at 8:30 a.m.** Parties may appear telephonically provided that notice is given to the clerk at least two business days prior to the hearing.

: 06

Initials of Preparer   JG

*Eclipse IP, LLC v. PayByPhone Technologies, Inc.*; Case No. 14-CV-154-GW(AJWx)
Tentative Ruling on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint

## I. Background

In its First Amended Complaint ("FAC"), Plaintiff Eclipse IP, LLC ("Eclipse") alleges that Defendant PayByPhone Technologies, Inc.'s ("PayByPhone") mobile parking payment system (the "PayByPhone System") and a related application (the "PayByPhone App") directly and indirectly infringe three patents relating to mobile notification. *See generally* FAC, Docket No. 10. PayByPhone contends that the Court should dismiss Eclipse's FAC under Rule 12(b)(6) because the FAC does not identify any allegedly infringing products. *See* Motion to Dismiss First Amended Complaint ("Mot."), Docket No. 19. For the reasons discussed below, the Court would DENY PayByPhone's motion.

The FAC alleges that this Court has jurisdiction and that Eclipse owns the three patents being asserted: (1) the '459 patent,[1] (2) the '317 patent,[2] and (3) the '899 patent[3] (the "Eclipse Patents"). FAC ¶¶ 1, 3 & Exs. A-C. The FAC further alleges that the PayByPhone System, which users can access through the PayByPhone App, infringes those patents. FAC ¶¶ 19-45.

According to the FAC, the PayByPhone System and PayByPhone App allow mobile users to identify parking spots in a given area and select a desired amount of time. *Id.* ¶¶ 14-15. Once selected, the PayByPhone System and PayByPhone App allow for mobile parking payments via touch-tone/IVR,[4] text, the internet, and/or the mobile web. *Id.* ¶ 13. When a payment is made, the PayByPhone System (presumably through the PayByPhone App) electronically confirms the transaction. *Id.* ¶ 16. After a user has paid for a spot, the PayByPhone System tracks his time and sends reminders before it is set to expire. *Id.* ¶ 17. If a user wants to increase the amount of time on a parking spot, the PayByPhone System, through the PayByPhone App, allows him to do so remotely by making additional mobile payments. *Id.* ¶ 18.

The FAC contends that, through the above-described acts, PayByPhone has directly and indirectly infringed each of the Eclipse Patents. As to direct infringement, the FAC alleges that PayByPhone infringed the '459 patent by:

> Making, using, offering for sale, and/or selling a computer-based
> notification system to, for example: communicate with the user's

---

[1] U.S. Patent No. 8,564,459 ("the '459 patent"), entitled "Systems and Methods for a Notification System that Enable User Changes to Purchase Order Information for Delivery and/or Pickup of Goods and Services." FAC ¶ 3 & Ex. A.

[2] U. S. Patent No. 8,531,317 ("the '317 patent"), entitled "Notification Systems and Methods Enabling Selection of Arrival or Departure Times of Tracked Mobile Things in Relation to Locations." FAC ¶ 3 & Ex. B.

[3] U. S. Patent No. 8,232,899 ("the '899 patent"), entitled "Notification Systems and Methods Enabling Selection of Arrival or Departure Times of Tracked Mobile Things in Relation to Locations." FAC ¶ 3 & Ex. C.

[4] While the FAC does not define IVR, the Court assumes it refers to "Interactive Voice Response."

>> device; enable the user to identify the desired parking area, the desired parking space, the amount of parking time, and the user's contact information; track the time remaining; notify the user when the parking time is nearly expired; enable the user to increase the amount of parking time through his device; and communicate the modified information to the user;

> the '317 patent by:
>> Making, using, offering for sale, and/or selling a computer-based notification system to, for example: communicate with the user's device; enable the user to select a desired parking time; authorize the user to park at that spot for the duration of the parking time; engage in a second communication session with the user's device; and enable the user to purchase additional parking time remotely;

> and the '899 patent by:
>> Making, using, offering for sale, and/or selling a computer-based notification system to, for example: communicate with the user's device when the user's parking time is approaching expiration; enable the user to select additional desired parking time; and authorizing the user's vehicle to remain at the parking location until the user's parking time is set to expire.

*Id.* ¶¶ 23, 32, 41. As to indirect infringement, the FAC alleges that PayByPhone infringed the '459 patent by:

>> Actively, knowingly, and intentionally encouraging, aiding, and/or abetting others to make, use, offer for sale, and/or sell portions of a computer-based notification system that infringes one or more claims of the '459 patent, with the specific intent to encourage infringement and with the knowledge that the making, using, offering to sell, and/or selling of such a system would constitute infringement;

> the '317 patent by:
>> Actively, knowingly, and intentionally encouraging, aiding, and/or abetting others to make, use, offer for sale, and/or sell portions of a computer-based notification system that infringes one or more claims of the '317 patent, with the specific intent to encourage infringement and with the knowledge that the making, using, offering to sell, and/or selling of such a system would constitute infringement;

> and the '899 patent by:
>> Actively, knowingly, and intentionally encouraging, aiding, and/or abetting others to make, use, offer for sale, and/or sell portions of a system that infringes one or more claims of the '899 patent, with the specific intent to encourage infringement and with the knowledge that the making, using, offering to sell, and/or selling of

such a system would constitute infringement.
*Id.* ¶¶ 24, 33, 42. The FAC further alleges that Eclipse has notified PayByPhone of its alleged infringement, and the FAC requests injunctive relief and damages. *Id.* ¶¶ 25, 34, 43 & Prayer.

## II. Legal Standard

Under Rule 12(b)(6), a complaint is deficient and warrants dismissal when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may fail to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) failure to allege sufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In determining whether a complaint survives this test, courts "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *see also K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013) (citations omitted). In so doing, courts must accept the complaint's factual allegations as true, and construe them in the light most favorable to the plaintiff. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). Where a plaintiff facing a 12(b)(6) motion has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013).

## III. Analysis

PayByPhone contends that the Court should dismiss the FAC because it fails to identify any allegedly infringing product. Mot. at 8:7-8. PayByPhone argues that Eclipse has unjustifiably characterized numerous, disparate electronic parking systems as a unitary "PayByPhone System." *Id.* at 8:13-17. Because, in fact, "no single 'PayByPhone System'" exists, Eclipse's failure to identify "which of [PayByPhone's] multiple systems allegedly infringes" has not "placed PayByPhone 'on notice of what it must defend.'" *Id.* at 8:20-22.

The Court would reject this argument. In patent cases applying Ninth Circuit law, the Federal Circuit has held that direct infringement allegations adhering to Form 18[5] are generally sufficient to withstand a Rule 12(b)(6) challenge. *K-Tech*, 714 F.3d at 1284; *R+L Carriers, Inc. v. DriverTech, LLC (In re Bill of Lading Transmission and Processing Sys. Patent Litig.)* ("*R+L Carriers*"), 681 F.3d 1323, 1334 (Fed. Cir. 2012). Form 18 requires the following for direct infringement claims:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

---

[5] Form 18 is a sample patent complaint in the appendix to the Rules of Civil Procedure. *See K-Tech*, 714 F.3d at 1283.

*K-Tech*, 714 F.3d at 1283.[6] While complying with the Form does not relieve a plaintiff of his obligation to put the potential infringer "on notice of what activity or device is being accused of infringement," *id.* at 1284, it also does not "require that a plaintiff identify an accused device[, system, or method] by name," particularly where a specific infringing product would not be ascertainable without discovery, *id.* at 1286.[7]

Thus, in *K-Tech*, the Federal Circuit reversed an order granting a motion to dismiss where the district court rested its decision, in part, on the plaintiff's failure to identify the "accused product and the manner in which it [was allegedly] infringing . . . ." *Id.* at 1280. The *K-Tech* plaintiff specifically identified four system and method claims from the asserted patents and alleged that two television network defendants were infringing by "making, selling, and offering to sell . . . systems and methods for modifying a major channel number, a minor channel number, and/or a carrier frequency to identify a television program"; but the plaintiff did not specifically identify an allegedly infringing product, system, or method. *Id.* at 1281-82. The district court granted the defendants' motion to dismiss, but the Federal Circuit reversed. *Id.* at 1287. In so doing, the Federal Circuit (applying Ninth Circuit law) held that a plaintiff need not "identify an accused device by name." *Id.* at 1286. Thus, the *K-Tech* plaintiff's failure to "point to the specific device or product within [defendants'] systems that translates the digital television signals each receives – especially when the operation of those systems is not ascertainable without discovery – should not [have barred] . . . the complaint." *Id.* Since the plaintiff's complaint explained what the plaintiff thought the defendants' systems do, and claimed that the defendants' conduct, as alleged, infringed the plaintiff's patents, it could survive a motion to dismiss. *Id.* at 1287.

Here, Eclipse has alleged all that Form 18 and *K-Tech* require. The FAC alleges jurisdiction, FAC ¶ 1, patent ownership, *id.* ¶ 3 & Exs. A-C, PayByPhone's infringement, *id.* ¶¶ 23, 32, 41, notice, ¶¶ 25, 34, 43, and relief, *id.* at 10:2-19. Eclipse's failure to identify a specific infringing product, system, or method does not defeat the FAC's suitability. The FAC alleges

---

[6]Form 18 provides the following exemplary language for infringement allegations: "The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors that embody the patented invention*, and the defendant will continue to do so unless enjoined by this court." Fed. R. Civ. P., Appx. of Forms, Form 18 (emphasis added).

[7]Citing *Wistron Corp. v. Phillip M. Adams & Assocs.*, LLC, No. 10-CV-4458-EMC, 2011 U.S. Dist. LEXIS 102237, at *10 (N.D. Cal. Sept. 12, 2011), and *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007), PayByPhone insists that Eclipse must "specify which of [its] products allegedly infringe" to withstand a motion to dismiss. Reply, Docket No. 26, at 5:14-20. *McZeal*, which predates *K-Tech*, does not stand for that proposition. *See McZeal*, 501 F.3d at 1357-58 ("During the hearing, the trial court noted that McZeal had 'conceded that [he] didn't know what device, what mechanism or what means Nextel uses to transmit and connect its telephone customers to the rest of the world.' . . . . In this case, the specifics of how Sprint Nextel's purportedly infringing device works is something to be determined through discovery."). And the portion that PayByPhone quotes is not directed at product identification. *Compare* Reply at 5:18-20 ("*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (identification of infringing product necessary 'to place the alleged infringer on notice as to what he must defend')") *with McZeal*, 501 F.3d at 1357 ("It logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend . . . . Thus, a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent.") (citations omitted). *Wistron* did not have the benefit of *K-Tech* and, in any event, is not binding on this Court.

that PayByPhone operates an electronic parking system that allows for mobile payments, and asserts that users can access the system through the PayByPhone App. *Id.* ¶¶ 13-14. The FAC further alleges the specific functions that the PayByPhone System and App perform. *Id.* ¶¶ 15-18. The FAC also provides specific examples of how the PayByPhone System and App allegedly infringe each of the asserted patents. *Id.* ¶¶ 23, 32, 41. Unlike a pleading in which the plaintiff merely alleges that the defendant makes, uses, or sells "products that infringe," Eclipse's allegations are sufficiently specific to put PayByPhone "on notice of what activity or device is being accused of infringement," *K-Tech*, 714 F.3d at 1284, particularly since Eclipse would need to take discovery to identify the allegedly infringing back-end products, systems, or methods, *id.* at 1286. *See also Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l.*, 957 F.Supp.2d 1189, 1196 (S.D. Cal. 2013) ("Defendants suggest that Plaintiff must identify the particular claims that are being infringed as well as specific products accused on infringement. The Court disagrees. Form 18 does not require either."); *Clouding IP, LLC v. amazon.com, Inc.*, No. 12-CV-642-LPS, 2013 U.S. Dist. LEXIS 73655, at *6 (D. Del. May 24, 2013) ("As it relates to accused products, Form 18 requires only identification of a general category of products, for example 'electrical motors.'"); *cf. Acco Brands USA, LLC v. Hewlett Packard Co.*, No. 11-CV-275-DOC(MLGx), 2011 U.S. Dist. LEXIS 67420 (C.D. Cal. June 23, 2011) (dismissing claims where the defendants made, sold, and used many products, and the plaintiff's complaint merely alleged, without more detail, that the defendants made, sold, or used "products that embody the inventions of and are within the scope of the '403 Patent").[8]

If, as PayByPhone argues (without citation, based on its own internal knowledge), PayByPhone operates several, distinct parking-payment systems, none of which can be shown to infringe the Eclipse Patents following discovery, that is something to be resolved at a later stage.[9]

## IV. Conclusion

For the reasons discussed above, the Court would DENY PayByPhone's motion.

---

[8] This case differs from *K-Tech* insofar as the FAC does not identify the asserted claims. *Cf. K-Tech*, 714 F.3d at 780-81. Identifying the asserted claims likely would be helpful in putting PayByPhone on notice. Indeed, it is among the patent reforms that Congress is now considering. But neither Form 18 nor the Federal Circuit currently require that a plaintiff identify the claims being asserted at the pleading stage. *R+L Carriers*, 681 F.3d at 1335 ("Indeed, [at the pleading stage,] a plaintiff need not even identify which claims it asserts are being infringed"). Moreover, while not relevant to a motion to dismiss, PayByPhone's Exhibit 6 indicates that Eclipse actually *did* identify at least one asserted claim for PayByPhone before filing its FAC. *See* Docket No. 19-2.

[9] PayByPhone's motion spends significant energy attempting to convey the not-so-subtle message that Eclipse is a patent troll. *See* Mot. at 1:4-5:28. That may or may not be true. While a party's status as a Non-Practicing Entity may bear on case management, however, it is irrelevant to whether Eclipse has stated a claim that survives Rule 12(b)(6). In preparing their joint Rule 26(f) Report, the Court encourages the parties to propose case management mechanisms to ensure that the case is driven by the merits, rather than the cost of defense. As to Eclipse's claim that PayByPhone's motion is frivolous, it does not appear to be *so* devoid of merit that Eclipse would recover "costs and fees . . . [for] responding to this frivolous Motion," Opposition to Motion to Dismiss, Docket No. 23, at 8 & n. 3, even if it could identify a statutory or Rules-based hook for the request. Thus, while the Court does not *prohibit* a fee-seeking motion, it suggests Eclipse exercise restraint in the interest of achieving a speedy and efficient resolution of this case.