# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 14-154-GW(AJWx) | Date | May 29, 2014 |
| Title | *Eclipse IP, LLC v. PayByPhone Technologies, Inc.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Matt Olavi   Jeffrey Sonnabend

**PROCEEDINGS:  SCHEDULING CONFERENCE**

The Court's Handout for Scheduling Conference is circulated and attached hereto. For reasons stated on the record, the scheduling conference is continued to **June 5, 2014 at 8:30 a.m.** Parties may appear telephonically provided that notice is given to the clerk at least two business days prior to the hearing.

:   09

Initials of Preparer   JG

*Eclipse IP LLC v. PayByPhone Technologies, Inc.*, Case No. CV-14-0154
Handout for Scheduling Conference

# I. Background

From a review of this District's case management system, LexMachina and the documents on file in this case, Plaintiff Eclipse IP LLC ("Eclipse") is a non-practicing entity that has filed 105 suits since 2010. 36 of those (32%) have been filed in the Central District of California.[1] Most have been resolved without much involvement from the court. Eclipse appears to generally seek modest lump-sum licensing payments, and only 17 cases are currently open (10 in the Central District of California, all involving related patents from the same family). That licensing/litigation strategy could be legitimate, or it could be evidence that Eclipse is leveraging the cost of litigation, rather than the strength of its patents. Many of its cases have been against companies capable of defending themselves: automakers, airlines, and large technology companies. Others are against small online retailers that use the claimed technology only incidentally, if at all.

This suit is somewhere in the middle. The defendant, PayByPhone Technologies, Inc. ("PayByPhone") provides parking payment systems, and while it is not a large company, at least the technology seems to relate to the core of its business. PayByPhone of course disputes that, arguing that it does not infringe, and that Eclipse is a patent troll that sought a quick $95,000 payout from PayByPhone based on the cost of defense rather than the merits. PayByPhone moved unsuccessfully to dismiss, and has filed counterclaims, including for California common law unfair business practices, violation of Cal. Bus. and Prof. C. § 17200, and civil extortion. Eclipse is planning to move to dismiss those counterclaims.

The Court will discuss with counsel whether there would be efficiencies in having any or all of the cases in this District proceed before the same judge. This Court has, in addition to the present case, the oldest currently open action (*i.e. Eclipse IP LLC v. Dolls Kill, Inc.*, Case No. 13-1855).

# II. Disputed 26(f) Issues

### A. Electronically stored information

The parties have been unable to agree on procedures for the discovery of electronically stored information. Eclipse proposes Judge Guilford's Standing E-Discovery Order. That order is based on the Federal Circuit Advisory Committee's model order, and provides good cost-limiting protections for the defendant. PayByPhone does not explain why it opposes that proposal.

### B. Protective order

Eclipse proposes using Judge Guilford's standing protective order. PayByPhone does not address that proposal directly, but argues that "because Eclipse IP is a non-practicing entity, it has

---

[1] Because patent holders – both operating companies and patent-holding companies – have taken different approaches to transparency, it is difficult to say how 105 suits in four years ranks in terms of number of suits for a single ultimate patent holder. It seems to be on the high side, but then other patent holders may obscure their activity through the use of separately incorporated entities.

no confidential business, financial, or trade secret information that would be subject to a protective order." That argument is likely wrong, and in any event, does not help choose protective order terms.

### C. Case schedule

PayByPhone believes that the infringement issues "will be effectively and conclusively addressed in substance by a proper construction of the patent claims," that no discovery will be needed for claim construction, and that discovery should be stayed until the Court issues its claim construction. Because the value of the case, as reflected in Eclipse's settlement demand, is low, it seems like staying non-claim construction discovery pending *Markman* is appropriate to limit the amount of money spent litigating before claim construction.

The following are the parties' proposed dates and the Court's tentative selection:

| Event | P's Proposal | D's Proposal | Court's Selection |
| --- | --- | --- | --- |
| Disclosure Of Asserted Claims And Preliminary Infringement Contentions | June 12, 2014 | June 2, 2014 | June 2, 2014 |
| Preliminary Invalidity Contentions | July 27, 2014 | After claim construction order. | June 30, 2014 |
| Exchange of Proposed Terms for Construction | August 10, 2014 | June 9, 2014 | July 7, 2014 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | August 31, 2014 | June 16, 2014 | July 14, 2014 |
| Joint Claim Construction and Prehearing Statement | September 25, 2014 | None. | July 21, 2014 |
| Completion of Claim Construction Discovery | October 25, 2014 | Not required. | August 4, 2014 |

| Plaintiff Files Opening Claim Construction Brief | November 9, 2014 | June 23, 2014 | August 11, 2014 |
|---|---|---|---|
| Defendant Files Rebutttal Claim Construction Brief | November 23, 2014 | June 30, 2014 | August 18, 2014 |
| Plaintiff Files Reply Claim Construction Brief | November 30, 2014 | July 7, 2014 | August 25, 2014 |
| Claim Construction Hearing | December 14, 2014 | If necessary, on or about July 21, 2014. | September 11, 2014 8:30 a.m. |
| General Discovery Opens | | | 1 week after claim construction order |
| Close of Fact Discovery | March 30, 2015 | TBD after claim construction order. | 14 weeks after claim construction order |
| Opening Expert Reports Due (Issues on Which Party Bears the Burden of Proof) | April 30, 2015 | TBD after claim construction order. | 15 weeks after claim construction order |
| Rebuttal Expert Reports Due (Issues on Which Party Does Not Bear the Burden of Proof) | June 15, 2015 | TBD after claim construction order. | 19 weeks after claim construction order |
| Close of Expert Discovery | August 3, 2015 | TBD after claim construction order. | 21 weeks after claim construction order |
| Deadline to File Dispositive Motions | September 7, 2015 | TBD after claim construction order. | 23 weeks after claim construction order |
| Pretrial Conference | January 7, 2016 | TBD after claim construction order. | TBD |
| Trial | January 14, 2016 | TBD after claim construction order. | TBD |